## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re:

      JOELYN AGUAYO DIAZ,                       Case No. 20-02865 (BKT)

      Debtor                                    Chapter 13

## UNITED STATES TRUSTEE'S
## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
## AND
## MOTION TO DISMISS CASE UNDER 11 U.S.C. § 1307

      Nancy J. Gargula, the United States Trustee for Region 21, hereby moves this Honorable Court to deny confirmation of the chapter 13 plan and dismiss this chapter 13 case under 11 U.S.C.§ 1307.  In support, the United States Trustee represents as follows:

### SUMMARY OF ARGUMENT

      A.      The Court should not approve the chapter 13 plan of Debtor Joelyn Aguayo Diaz. Ms. Aguayo, as an assistant accountant of a marijuana enterprise, knowingly and willingly engages in post-petition ongoing criminal activity in violation of the Controlled Substance Act ("CSA").

      B.      Post-petition wages are property of the estate under 11 U.S.C. § 1306, and Debtor relies on these illegal wages to effectuate the chapter 13 plan.  The chapter 13 plan should not be confirmed as it would be funded by the continuing illegal activity and wages of Ms. Aguayo.  If the plan cannot be confirmed, the case must be dismissed.

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

      C.      Debtor's chapter 13 plan facilitates the ongoing and continuous violation of federal law under the CSA and, therefore, is not filed in good faith as required by §1325(a) and must be dismissed.

      D.      Confirmation of this chapter 13 plan based on ongoing and continuing illegal activity and wages entangles the chapter 13 trustee and the Bankruptcy Court in violation of federal law, and the plan should not be confirmed.  The proper remedy is dismissal of this chapter 13 case.

## UNDISPUTED FACTS IN SUPPORT OF ARGUMENT

1.      The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on July 21, 2020.

2.      Schedule I (Dkt. No. 1) states that the occupation of Ms. Aguayo is "Accountant" for "FarmaVerde Dispensary" located at Ind Park Minillas R174 No. 43 Bayamon, PR 00959.  The Schedule reflects Ms. Aguayo earns monthly gross income in the amount of $2,600.  She also receives $400 of child support.

3.      Schedule J lists monthly expenses at $2,246.19.

4.      The chapter 13 plan dated July 21, 2020 (Dkt. No. 2) proposes to pay $475 per month to the Chapter 13 trustee for 60 months.

5.      At the Section 341 meeting of creditors on August 26, 2020, Ms. Aguayo confirmed she receives $2,600 of gross monthly income from her employer, where she works as an assistant accountant.

6.      At the Section 341 meeting of creditors held on August 26, 2020, Ms. Aguayo confirmed her employer is Healthweed, LLC doing business as FarmaVerde.

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

7.     At the Section 341 meeting of creditors held on August 26, 2020, Ms. Aguayo confirmed her employer Healthweed, LLC doing business as FarmaVerde is in the business of cultivation, manufacture, and distribution of cannabis, also known as marijuana.

8.     At the Section 341 meeting of creditors held on August 26, 2020, Ms. Aguayo confirmed she would pay her chapter 13 plan with the income she receives from her employer's marijuana business.

9.     On September 10, 2020, Ms. Aguayo filed an Amended Schedule I (Dkt. No. 11), to amend her employer's name as Healthweed, LLC., as well as provided to the U.S. Trustee her payroll stubs from January to August 2020 indicating her salary at Healthweed, LLC.

10.     On September 10, 2020, Ms. Aguayo provided to the U.S. Trustee a copy of her employment contract with Healthweed, LLC.

## ARGUMENT

Congress enacted the Bankruptcy Code to protect "honest but unfortunate debtors." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 374 (2007); *see also Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (admonishing that the Court has "been careful to explain that the [Code] limits the opportunity for a completely unencumbered new beginning" to deserving debtors); *In re Krueger*, 812 F.3d 365, 373 (5th Cir. 2016) (explaining that bankruptcy "is a potent judicially enforced weapon" that "has no place being deployed against honest but unfortunate creditors who stand in the path of a dishonest bankrupt"); *In re Apte*, 96 F.3d 1319, 1322 (9th Cir. 1996) ("A dishonest debtor, on the other hand, will not benefit from his wrongdoing.").

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

Ms. Aguayo admits to working for a marijuana enterprise. Marijuana is a Schedule I substance under the CSA § 812, and its distribution violates § 841.

In relevant part, the CSA states that:

(a) Unlawful acts
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

21 U.S.C. § 841.

There is no dispute that, as a marijuana dispensary, the business of Ms. Aguayo's employer is proscribed under the CSA. *United States v. Roberts*, 978 F.2d 17, 18 n.1 (1st Cir. 1992) (citing *United States v. One Parcel of Real Property (Great Harbor Neck)*, 960 F.2d 200, 205 (1st Cir. 1992)).

Through the services she provides to her employer, Ms. Aguayo is also personally in violation of the CSA. In particular, 21 U.S.C. § 846 makes it a crime to conspire to violate 21 U.S.C. § 841. As the First Circuit has recognized, "[a]ncillary functions like accounting, communications, and strong-arm enforcement are all examples of peripheral services that, when performed in the service of drug dealers, can support a conspiracy conviction." *United States v. García–Torres*, 280 F.3d 1, 4 (1st Cir.2002).

A debtor who proposes to continue to engage in ongoing illegal activity through employment at a company that manufactures and sells marijuana in violation of the CSA cannot obtain a discharge in bankruptcy. *See* 13 U.S.C. § 1325(a)(3). This Court cannot condone the ongoing illegal activity by confirming a plan that is funded directly or indirectly through income

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

derived from employment at a marijuana enterprise in violation of the CSA. Therefore, the case

must be dismissed under 11 U.S.C. § 1307.

## I.      A BANKRUPTCY COURT SHOULD NOT APPROVE A CHAPTER 13 PLAN OF DEBTORS WITH MARIJUANA INCOME.

Congress enacted the CSA as a comprehensive federal scheme to regulate controlled

substances and combat illicit trafficking in them:

> Prompted by a perceived need to consolidate the growing number of piecemeal drug laws and to enhance federal drug enforcement powers, Congress enacted the Comprehensive Drug Abuse Prevention and Control Act. Title II of that Act, the CSA, repealed most of the earlier antidrug laws in favor of a comprehensive regime to combat the international and interstate traffic in illicit drugs. The main objectives of the CSA were to conquer drug abuse and to control the legitimate and illegitimate traffic in controlled substances. Congress was particularly concerned with the need to prevent the diversion of drugs from legitimate to illicit channels. See *United States v. Moore,* 423 U.S. 122, 135, 96 S. Ct. 335, 46 L.Ed.2d 333 (1975); *see also* H.R. Rep., at 22, U.S. Code Cong. & Admin. News 1970, pp. 4566, 4596. To effectuate these goals, Congress devised a closed regulatory system making it unlawful to manufacture, distribute, dispense, or possess any controlled substance except in a manner authorized by the CSA. 21 U.S.C. §§ 841(a)(1), 844(a).

*Gonzales v. Raich,* 545 U.S. 1, 12-13; 125 S. Ct. 2195, 2203 (2005) [footnotes omitted].

Ms. Aguayo, as an assistant accountant for a marijuana enterprise, engages in the ongoing

and continuing illegal activity of possessing and facilitating the distribution of marijuana in

violation of the CSA. The chapter 13 plan proposed by the Debtor relies on the wages from this

ongoing illegal activity to effectuate the chapter 13 plan, regardless of whether the funds are

segregated or how they are remitted to the chapter 13 trustee. Plans that facilitate the continuing

post-petition violation of federal law are proposed in bad faith, and confirmation should be denied

by the Bankruptcy Court. Confirmation of a chapter 13 plan that relies on the ongoing and

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

continuing illegal activity and wages of a Debtor in violation of the CSA entangles the chapter 13

trustee and the Bankruptcy Court in that ongoing and continuing violation of federal law.

### A.   A Federal Bankruptcy Court cannot allow bankruptcy protection to a debtor involved in medical cannabis as prohibited marijuana.

The illegality of marijuana under federal law is not affected by any laws that purport to

legalize marijuana for medical use under Puerto Rico law.  *See United States v. Oakland Cannabis

Buyers' Cooperative,* 532 U.S. 483 (2001); *Raich*, 545 U.S. 1.  In *Oakland Cannabis*, the United

States sued a cooperative that was distributing and manufacturing marijuana in accordance with

California's medical marijuana law but in violation of the CSA, and the Cooperative asserted a

defense of medical necessity.  The Court rejected the defense as at odds with the legislative

judgments expressed in the CSA and stated that "[c]ourts of equity cannot, in their discretion,

reject the balance that Congress has struck in a statute."  532 U.S. at 493 and 497.  Just four years

later, in *Raich*, individuals sued the United States to bar enforcement of the CSA with respect to

their use of medical marijuana that was legal under state law, claiming the CSA was not a valid

exercise of federal power under the Commerce Clause. The United States Supreme Court rejected

that argument because "Congress' Commerce Clause authority includes the power to prohibit the

local cultivation and use of marijuana in compliance with California law."  545 U.S. at 2; 125 S.

Ct. at 2196.  The Court further found that the "CSA designates marijuana as contraband for *any*

purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that

the drug has no acceptable medical uses."  *Id*. at 2 (emphasis in original).

Consistent with these governing principles, activities associated with the marijuana

industry that are illegal under federal law—even if purportedly legal under state law—cannot be

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

condoned and adopted by *federal* bankruptcy courts.  "[A] federal court cannot be asked to enforce

the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a *continuing*

federal crime."  *In re Andrick*, 604 B.R. 577, 580–81 (Bankr. D. Colo. 2019) (emphasis added); *In*

*re Rent-Rite Super Kegs W. Ltd.*, 484 B.R. 799, 805 (Bankr. D. Colo. 2012).

Any engagement in an unlawful marijuana business—whether the activities will fund the

plan in whole or in part—precludes the Debtor from obtaining federal bankruptcy relief that

promotes and facilitates those same activities (whether through plan restrictions or otherwise).  *See*

*Northbay Wellness Grp., Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015) (stating that doctrine

of "unclean hands" applies in bankruptcy cases) (*citing Johnson v. Yellow Cab Transit Co*., 321

U.S. 383, 387 (1944)); *Fourth Corner Credit Union v. Federal Reserve Bank of Kansas City*, 861

F.3d 1052 1054 (10th Cir. 2017) (stating that federal courts should not use equitable powers to

facilitate illegal marijuana businesses); *see also In re Basrah Custom Design, Inc.,* 600 B.R. 368,

383 (Bankr. E.D. Mich. 2019) (federal court cannot allow itself to be used to assist Debtor to obtain

a result contrary to federal criminal law and therefore Debtor has unclean hands in support of

"cause" to dismiss) *reh'g denied,* 602 B.R. 31 (Bankr. E.D. Mich. 2019), *appeal stayed*, No. 19-

11985 (E.D. Mich. Feb. 24, 2020); *Rent-Rite* , 484 B.R. at 809 (finding that debtor's lease of real

property to a marijuana business constituted "unclean hands" and was cause for dismissal under

11 U.S.C. § 1112(b); *In re Medpoint Management, LLC*, 528 B.R. 178 (Bankr. D. Ariz. 2015),

*vacated in part on other grounds*, 2016 WL 3251581 (B.A.P. 9th Cir. June 3, 2016) (dismissing

an involuntary chapter 7 petition for unclean hands because debtor provided management services

to marijuana businesses).

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

The ongoing and continuing illegal activity needed to effectuate the Debtor's chapter 13 plan in this case constitutes cause for dismissal. *In re Arenas*, 535 B.R. 845 (B.A.P. 10th Cir. 2015) ("*Arenas II*"), *aff'g* 514 B.R. 887, 891 (Bankr. D. Colo. 2014) ("*Arenas I*"). In *Arenas*, the debtor both cultivated and sold marijuana and leased space to a dispensary. Upon dismissing the case, the bankruptcy court stated that a "federal court cannot be asked to enforce the protections of the Bankruptcy Code in aid of a Debtor whose activities constitute a continuing federal crime." 514 B.R. at 998 (quoting *Rent-Rite Super Kegs*, 484 B.R. at 805). The *Arenas* court also denied the debtors' motion to convert to chapter 13 based on the debtors' lack of good faith given that there "is no way the Trustee could administer the plan without committing one or more federal crimes." 535 B.R. at 852. The court did so even though it found the debtors "sincere and credible" because good faith is objective, not subjective, and it is "objectively unreasonable for them to seek chapter 13 relief." *Id.* at 852-53. Simply put, "it is not asking too much of debtors to obey federal laws, including criminal laws, as a condition of obtaining relief under the Bankruptcy Code." *In re Johnson*, 532 B.R. 53, 59 (Bankr. W.D. Mich. 2015).

The fact that the Debtor is an employee of the marijuana business, rather than the owner of that business, does not alter the fact that her source of income is illegal under the CSA. Liability under the CSA is broadly defined and extends not only to the owners of controlled substances, but also to those who possess or dispense marijuana, as well as to persons who assist or conspire with violators of the CSA. *See* 21 U.S.C. §§ 841, 846. Therefore, even if she has no ownership interest in the marijuana enterprise, the Debtor is engaged in **ongoing and continuing** violations of the CSA. *See García–Torres*, 280 F.3d at 4; *In re Medpoint Mgmt., LLC*, 528 B.R. 178, 185 (Bankr. D. Ariz. 2015), *vacated in part on other grounds,* B.A.P. No. AZ-15-1130, 2016 WL 3251581

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

(B.A.P. 9th Cir. 2016) (dismissing an involuntary chapter 7 petition against firm engaged as a manager of a marijuana business, and noting that firm was potentially criminally liable under accomplice liability provisions of the CSA).

Federal law makes it a crime for "any person knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ".  21 U.S.C. § 841.  Because Ms. Aguayo's job is to participate as an accountant in the sale of marijuana, in the course of her employment she has knowledge and intent that the marijuana will be distributed and ultimately sold to end users, thereby violating 21 U.S.C. § 841.  *See, e.g. United States v. Hernandez*, 484 F.2d 86 (5th Cir. 1973) (affirming 21 U.S.C. § 841 conviction of Defendant who agreed to help load and allow his pickup truck to be used to transport marijuana in exchange for $100).

In addition, 21 U.S.C. § 846 makes it a crime to conspire to violate 21 U.S.C. § 841.  A person is engaged in such a conspiracy when she knowingly agrees to engage in the distribution of marijuana with the intent to further that distribution.  *United States v. Gil*, 58 F.3d 1414, 1423 (9th Cir. 1995).  Because Ms. Aguayo is knowingly and continuously participating in the sale and distribution of marijuana, she is also likely engaged in a conspiracy to distribute in violation of 21 U.S.C. § 846.  *See, e.g. DOJ News Release*, 2014 WL 4243839 (Aug. 25, 2014) (marijuana store employee pleads guilty to conspiracy to manufacture, distribute, and possess with the intent to distribute marijuana).

Ms. Aguayo is not entitled to receive an Order discharging her debts due to the ongoing and continuing criminal activity in which she participates in violation of the CSA.  Debtor should not be entitled to shield her assets under exemptions in Bankruptcy and enjoy the benefit of the

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

automatic stay while engaging in a criminal activity.  The Chapter 13 plan should not be confirmed

as it promotes an ongoing and continuing criminal activity, and the case must be dismissed.

**B.      Debtor's Chapter 13 Plan Relies on Marijuana Income to Effectuate the
Chapter 13 Plan.  As Such, it Facilitates a Continuing Violation of Law and
Should Not Be Confirmed.**

"Property of the estate includes, in addition to the property specified in section 541 of this

title—(2) earnings from services performed by the debtor after the commencement of the case, but

before the case is closed, dismissed or converted to a case under chapter 7, 11, or 12 of this title,

whichever occurs first.  11 U.S.C. § 1306(a)(2).

Post-petition wages are property of the estate under 11 U.S.C. § 1306, and Debtor relies on

these illegal wages to effectuate the chapter 13 plan.  In the case of Ms. Aguayo, her wages result

from illegal activity that violate federal law under the CSA.  These illegal wages cannot be remitted

to the Chapter 13 trustee.  The chapter 13 plan should not be confirmed as it would be funded by

continuing illegal activity and wages of Ms. Aguayo.  If the plan cannot be confirmed, the case

must be dismissed.

**C.      Debtor's Chapter 13 Plan Facilitates a Continuing Violation of Law.
Therefore, it Was Not Filed in Good Faith and Should Not Be Confirmed.**

 Bankruptcy proceedings are "inherently proceedings in equity."  *Pepper v. Litton*, 308

U.S. 295, 304-05 (1939). A court in equity ordinarily should not "lend its judicial power to a

plaintiff who seeks to invoke that power for the purpose of consummating a transaction in clear

violation of law."  *See Yellow Cab Transit* 321 U.S. at 387; 7 *Collier on Bankruptcy* ¶ 1112.07

(16th ed. 2018) ("[A]s a general rule, equitable remedies are not available to any party who fails

to act in an equitable fashion.").  "The Court's power to adjust the debtor-creditor relationship . . .

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

goes to the essence of the Court's equitable jurisdiction and requires the Court to look to equitable

factors to determine the propriety of the Debtor's filing." *Rent-Rite* 484 B.R. at 806.

One chapter 11 case that is instructive on this point is *In re Basrah*, where a debtor sought

to use the bankruptcy court to set aside one illegal contract to operate a marijuana dispensary for

a better illegal contract to do the same. Dismissing the debtor's bankruptcy, the *Basrah* court

stated that it could not be used to violate federal law:

> The actual purpose of filing and prosecuting this bankruptcy case is for the Debtor
> and its 100% shareholder to use this bankruptcy court, and the Bankruptcy Code,
> to assist them in obtaining a result that is contrary to federal criminal law under
> the Controlled Substances Act, and therefore contrary to federal public policy.
> This federal court cannot allow itself to be used in this way.

600 B.R. at 383. *See also Dawood*, 602 B.R. 640 (Bankr. E.D. Mich. 2019) (spouse of the debtor's

principal in *Basrah* subsequently filed a chapter 13 case, and the court found *Dawood* had unclean

hands and dismissed for the same reason).

The Debtor may ask for an equity solution to her dilemma. However, given her

involvement in a criminal enterprise under federal law, the Debtor cannot propose a confirmable

plan in this case because 11 U.S.C. § 1325(a) provides that a chapter 13 plan may only be

confirmed if, among other things, it "has been proposed in good faith and not by any means

forbidden by law," and "the action of the debtor in filing the petition was in good faith." 11 U.S.C.

§ 1325(a)(3), (7)*; see also In re Lilley*, 91 F.3d 491, 496 (3rd Cir. 1996) (holding that chapter 13

contains a good faith filing requirement). As *Arenas I* recognized, these requirements cannot be

met where a debtor's plan facilitates a continued violation of federal law. *See Arenas I*, 514 B.R.

at 894 (concluding that § 1325(a)(3) requires the court "to examine the lawfulness of a plan's

means of implementation"). Because the Debtor is knowingly aiding and participating in the

11

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

production, processing, and distribution of marijuana she is engaged in a conspiracy to do so in

violation of 21 U.S.C. § 846, while seeking this Court's protection of the income debtor receives

from that illegal enterprise.  The Debtor is further asking this Court to use its powers under federal

law to change her relationships with her creditors, while the Debtor continues to generate income

derived from the sale of federally prohibited controlled substances.  The Debtor, having come into

this Court of equity with unclean hands, should be denied the requested protection as a matter of

equity.

> **D**.    **Confirmation of A Chapter 13 Plan Based on Marijuana Employment Will
> Entangle the Trustee and The Bankruptcy System in A Violation of Federal
> Law.**

It "goes without saying that a bankruptcy trustee must abide by federal law, including

federal criminal law."  *Johnson*, 532 B.R. at 57.  "A bankruptcy case cannot proceed where the

court, the trustee or the debtor-in-possession will necessarily be required to possess and administer

assets which are either illegal under the CSA or *constitute proceeds* of activity criminalized by the

CSA." *In re Way to Grow, Inc.,* 597 B.R. 111 (Bankr. D. Colo. 2018)*, aff'd* 610 B.R. 338 (D. Colo.

2019) (emphasis added).

The *Johnson* court likewise recognized the gravity of a federal court effectively aiding and

abetting violations of federal law:  "[F]ederal judicial officers take an oath to uphold federal law

and countenancing the Debtor's continued operations of his marijuana business under the court's

protection is hardly consistent with that oath."  *Johnson*, 532 B.R. at 56.  *See also Arenas II*, 535

B.R. at 854 (stating debtors are caught between a business the state deems legal "but which the

laws of the United States—laws that every United States Judge swears to uphold—proscribe and

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

subject to criminal sanctions.").  The Court should **not** confirm a plan that entangles the chapter

13 trustee and the Court in overseeing illegal activity at all, much less for a period of 5 years.

A relevant case by the Bankruptcy Appellate Panel of the Ninth Circuit is instructive.  In

the case of *In re Burton*, 610 B.R. 633 (B.A.P. 9th Cir. 2020), the Bankruptcy Court had dismissed

a chapter 13 case filed by Debtors who owned a majority interest in an entity (Agricann), which

was in the business of growing and selling marijuana and which was the plaintiff in two breach of

contract actions seeking damages arising out of that business.  The Bankruptcy Court found that

permitting the case to proceed would "necessitate the Court and the Trustee's involvement in

condoning the illegal activity" and dismissed the case. On appeal, the 9th Circuit BAP affirmed

because "[t]he Burtons failed to demonstrate that their ties to Agricann would not result in proceeds

of an illegal business becoming part of the bankruptcy estate, requiring the trustee and the court to

administer assets that constitute proceeds of activity criminalized by the CSA."  *Id.* at 640-41.

As the Court stated in *Arenas II* regarding that chapter 7 case, "[a]dministering the debtors'

Chapter 7 estate would require the Trustee to either violate federal law by possessing and selling

the marijuana assets or abandon them.  If he did the former, the Trustee would be at risk of

prosecution; if he did the latter, the creditors would receive nothing while the debtors would retain

all of their assets and receive a discharge as well." *Arenas II,* 535 B.R. at 854.  The Court affirmed

the dismissal of that case.

In this or any other case, the trustee cannot receive proceeds from illegal activity.  But the

Debtor's proposed chapter 13 plan, funded with illegal funds, entangles the Court and the trustee

in an illegal activity.  The Court should not become entangled in an illegal activity and should

deny confirmation of this chapter 13 plan.  The proper remedy is dismissal of this chapter 13 case.

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

## CONCLUSION

For all the foregoing reasons, the chapter 13 plan in this case cannot be confirmed pursuant

to 11 U.S.C. § 1325(a)(3).  The case must be dismissed under 11 U.S.C. § 1307(c). Dismissal is

the proper remedy.

## NOTICE

**WITHIN THIRTY (30) DAYS AFTER SERVICE AS EVIDENCED BY THE
CERTIFICATE OF SERVICE BELOW, AND AN ADDITIONAL THREE (3) DAYS
PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY
PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER
PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN,
SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE
RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S.
BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO
OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED
HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE
GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii)
THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE
OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES
OTHERWISE.**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of

the foregoing with the Clerk of the Court using the CM/ECF System which will send notification

of such filing to all CM/ECF participants as follow:

- **ROBERTO FIGUEROA CARRASQUILLO**   rfc@rfigueroalaw.com,
  G9942@notify.cincompass.com
- **LUIS FRED SALGADO**   luisfredsalgado@hotmail.com
- **MONSITA LECAROZ ARRIBAS**   ustpregion21.hr.ecf@usdoj.gov
- **ALEJANDRO OLIVERAS RIVERA**   aorecf@ch13sju.com

Objection to Confirmation of Plan and Motion to Dismiss
Case No. 20-02865 (BKT)
Chapter 13

      **I DO HEREBY FURTHER CERTIFY** that on this same date a true and exact copy of

the foregoing has been sent by regular United States mail to Debtor, **Joelyn Aguayo Diaz, Urb**

**Valle Tolima O 13, Emma R Vicenty St., Caguas, PR 00727.**

Respectfully Submitted.

      **DATED:  September 17, 2020**

                            NANCY J. GARGULA
                   United States Trustee for Region 21

                   U.S. DEPARTMENT OF JUSTICE
          OFFICE OF THE UNITED STATES TRUSTEE
                       Edificio Ochoa
                  500 Tanca Street, Suite 301
              San Juan, Puerto Rico 00901-1922
                  Tel.: (787) 729-7444
                 Fax: (787) 729-7449

                  (Electronically Filed)

         By:  <u>s/ *Monsita Lecaroz-Arribas*</u>
               Monsita Lecaroz-Arribas
               Assistant U.S. Trustee
               USDC-PR No. 207707